No. 21,272.

JAMES E. DRYSDALE, *Appellee*, v. WILLIAM WETZ, HERMAN WETZ, and FRED WETZ, *Appellants.*

SYLLABUS BY THE COURT.

1. CONTRACT OF EMPLOYMENT—*Joint Defendants—No Different Issue Raised by Either Defendant.* If one defendant who is sued jointly with other defendants on a contract of employment alleged to have been entered into with all of them has a different defense from the others, he should present it to the trial court in the form of a request for a special instruction, or by a demurrer to the evidence, or in some manner challenging the attention of the court to his separate defense.

2. SAME—*Judgment against Joint Defendants.* There being some evidence to sustain a judgment against all of the defendants, it is affirmed.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed February 9, 1918. Affirmed.

*G. M. Martin,* of Medicine Lodge, for the appellants.

*Seward I. Field, J. N. Tincher,* both of Medicine Lodge, and *A. L. Noble,* of Winfield, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was to recover for labor and services as a farm hand, plaintiff alleging that he had been employed by defendants to work for them for a certain period, and that they had discharged him before the expiration of the term. The verdict of the jury was in plaintiff's favor, and defendants appeal.

The main contention is that there was no evidence to sustain a judgment against William Wetz, and that the court erred in submitting to the jury the question of his liability. William Wetz is the father of the other two defendants and owns the farm where plaintiff worked. The defendants appeared in both the justice and district courts by the same attorneys, and no contention was made at either trial that the employment of plaintiff was on behalf of the sons alone, or that there was not sufficient evidence to justify the court in submitting to the jury the question of the liability of William Wetz. He neither demurred to the evidence, nor asked a special instruction upon the theory that the evidence was insufficient to hold him liable; and the contention now urged seems to be based upon the fact that the evidence showed the contract of plaintiff's employment was made with the sons. The plaintiff testified that he was employed by Fred and Herman, and that he worked for the defendants, and there was some testimony tending to show that the farm was operated jointly by all the defendants. William Wetz testified that he was not present when the boys hired plaintiff, but when informed by them of the employment, he said to them that they had done a good thing.

Complaint is made of an instruction which charged that there was no dispute between the parties over the fact that they entered into a verbal contract with the plaintiff by which he agreed to perform work for them at a certain rate per

month. No objection was made to the instruction. If one of the defendants had a different theory from the others, upon which he claimed he was not liable to plaintiff, he should have presented it to the court by a request for a special instruction, or in some other manner. Of its own motion, the court instructed that if the jury found plaintiff entitled to recover from one or more of the defendants, and not entitled to recover from all, they should return a verdict accordingly. We are unable to see that William Wetz was prejudiced by this instruction.

There being some evidence to sustain the judgment, it is affirmed.